Catron, Ch. J.
delivered the opinion of the court.
Susan W. Watkins sued in the chancery court, by bill, for dower and a distributive share of the estate and goods of her late husband, Dr. Thomas G. Watkins, who, in the year 1829, died intestate, and without issue. The brothers and sisters of Dr. Watkins are made defendants, being the heirs and distributees: his administrator, Os-burn R. Watkins is also made a party.
The right to dower and distribution is resisted on the part of the defendants, on the ground, that at his death *293 Dr. Watkins and his wife lived separate; and that in January, 1825, Dr. Watkins had entered into a covenant with Samuel Jackson and Oliver B. Ross, and the father and mother-in-law of Mrs. Watkins, that he would vest in them, in trust, eight negroes, a tract of land of one hundred and fifty-one acres, in Virginia, a horse, and his household goods for the use and benefit of his wife, Susan W., for her separate maintainance; and that he would pay over to the trustees, for this purpose, one-third part of all his outstanding debts, and so provide, that his wife should have the full one-third part of hiá estate, real and and personal. The eight slaves and the household goods, seem to have been delivered over to the trustees, and enjoyed by Mrs. Watkins, but no further conveyances, other than the covenant, seem to have been executed. O wing to a vexatious contention about minor matters of detail, of no consequence, the proof of the only matter of defence, the settlement for separate maintenance, has been almost entirely overlooked; there is enough, however, apparent for the court to give a direction to the cause.
The articles are set up in bar of dower, and in bar of the distributive share claimed, on'the ground that if they have not been fully executed, the complainant has it in her power to cause it to be done; and to this effect, a suit was brought against Dr. Watkins, at law, upon the covenant, in the circuit court of Greene county, in the name of the trustees, and is still pending against O. R. Watkins, the administrator, and in a state of prosecution. The chancellor thought the articles a bar to dower and distribution, and dismissed the bill. .
The tract of land of which dower is claimed, was conveyed to Thomas G. Watkins, in 1803, by Samuel Jackson. When the fee vested in Thomas G. Watkins, the right of dower vested in his wife as a legal estate. Young’s heirs vs. Combs, 4 Yerg. Rep. 218. By the covenant of 1825, Mrs. Watkins did not part with her vested title. She was then a feme comt-and incapable of binding herself, nor did she attempt to do so. Her *294 legal right to have the dower estate of one-third partitioned to her, pursuant to the 9th section ol the act of 1784, ch. 22, is not open to question.
How is it as to the distributive share? Mrs. Watkins has made no contract releasing her right as a distributee of the goods of her late husband. Prima fade, her right is unembarrassed. Were the articles of agreement of 1825 entered into by Dr. Watkins, his wife, and the trustees, to be in lieu and satisfaction of her dower and distributive share, in case of his death, the wife living? The articles seem not to have contemplated such a contingency, nor is any express provision made, that the surrender of one-third of his estate for the benefit of the wife shall be in satisfaction of dower or distribution: the principal end the parties were looking to, was a competent provision for the separate maintainance of the wife during coverture. Yet the covenant, on part of the trustees, renders them liable to the heirs, &c. of Dr. Watkins for any claim or demand the wife may set up, or cause to be enforced against the two-thirds of her husband’s estate retained by him. They stipulate that the said Susan W. Watkins shall not at any time thereafter claim or demand any part of the estate of the said Thomas Gr. Watkins, or any other or further support or maintainance from him than what is herein before mentioned, and that she, nor her heirs, shall not do any act by which the said Thomas G. may be charged with any debt or duty in consequence of his being the husband of the said Susan W., or,' in case she shall prefer any claim or demand against him, or his heirs or assigns, for any portion of his estate, other than what is secured to her in trust for her use and benefit, then, and in such case, the said Jackson and Ross, their executors, &c. shall well and truly pay to the said Thomas G-. Watkins, his heirs, executors, &c. the full value of any property so claimed and obtained by the said Susan W., or for any debts or demands for which she may render him liable. The trustees have no control of Mrs. Watkins’ acts, yet the *295 court will see them secured from injury, precedent to affording the relief pray'ed, so that they may not be sub-jectto the suit of Dr. Watkins’representatives, by force of the decree and process of the court.
By her suit for dower and distribution, Mrs. Watkins has abandoned all claim to any benefit under the provision made for her use by the covenant of 1825. 1 Eq. Ca. Ab. 218: Cro. E. 128. This she had the right to do after becoming discovert. From the covenant, it is clear she is not entitled to both. This suit is a conclusive. election to abandon the articles, and Jackson and Boss, holding as naked trustees, hold for the heirs and administrator of the estate of Dr. Watkins. They must be made parties to this cause, either by the complainant or try cross bill by defendants, by the order, and at the direction of the chancery cpurt. For so much of the property as has been applied and exhausted for the separate, maintainance of Mrs. Watkins, up to the time of her husband’s death, no account will be rendered or required; but for all the property not so applied, and for all on hand at the death of Dr. Watkins, the trustees will account; for that on hand, by the delivery of the property. But if used by Mrs. Watkins since his death, she will be' held to account for it in the same manner as if no provision had been made for her, and the articles had no existence, and the amount used will be deducted from her distributive share, with the rents of the Virginia land, hire of negroes, &c. This court apprehends, she will, in fact, be the only person called upon to account, after the property on hand is delivered to thé administrator. The covenants resting on Jackson and Ross, and on the administrator and heirs of Dr. Watkins, will be, by the final decree, cancelled; and that this cause may be correctly proceeded in, the decree dismissing the bill is ordered to be reversed, and the cause reminded to the chancery court, to be heard, as directed by this opinion, of which a copy will be transmitted to the court below.
Decree reversed.